THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMY CRAIN AND KENNETH CRAIN,<br><br>Plaintiffs,<br><br>v.<br><br>BANKERS STANDARD INSURANCE COMPANY AND BENJAMIN CAREY,<br><br>Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:23-CV-710 |

### DEFENDANT BANKERS STANDARD INSURANCE COMPANY'S <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1441, Defendant Bankers Standard Insurance Company ("Bankers" or "Defendant") hereby removes the action styled and numbered *Amy Crain and Kenneth Crain v. Bankers Standard Insurance Company and Benjamin Carey*, Cause No. 141-341877-23, pending in the 141st Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.
### <u>INTRODUCTION</u>

1. On April 26, 2023, Amy Crain and Kenneth Crain ("Plaintiffs") commenced this lawsuit on April 26, 2023 by Plaintiffs' Original Petition ("Petition") in the 141st Judicial District Court of Tarrant County, Texas in a case styled *Amy Crain and Kenneth Crain v. Bankers Standard Insurance Company and Benjamin Carey*, Cause No. 141-341877-23. Bankers received service of the Original Petition on June 12, 2023.

2. This lawsuit arises out of Plaintiffs' claim for coverage under a homeowners insurance policy issued by Bankers for physical loss or damage allegedly sustained by property

owned by Plaintiffs as the result of a weather event on or around November 10, 2021 (the "Claim").[1]

3. Plaintiffs' Petition, which includes a jury demand, names Bankers and Benjamin Carey ("Carey") as defendants in this action.

4. Carey is not an insurer and is not a party to the homeowners insurance policy under which Plaintiffs seek coverage. Carey is employed by Bankers' affiliate, Chubb, and acted as Bankers' adjuster with respect to the Claim at issue.

5. By agreement, counsel for Bankers was served with Plaintiffs' Original Petition on June 12, 2023. Bankers thus files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

6. Defendant Carey is an improperly joined party. Carey's consent to removal is not required because Carey *shall* be dismissed from this action pursuant to chapter 542A of the Texas Insurance Code, if he has not been already. However, to the extent necessary, Carey consents to the removal of this action.

## II.
## BASIS FOR REMOVAL

7. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Plaintiffs and Bankers.**

---

[1] *See* Exhibit C-1 [Plaintiffs' Original Petition] at ¶¶ 20, 28, 40, 62, 69.

9. Plaintiffs are residents of the State of Texas.[2] Accordingly, Plaintiffs are citizens of the State of Texas for purposes of diversity of citizenship.

10. Defendant Bankers is an insurance carrier organized under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania. Consequently, Bankers is a citizen of the state of Pennsylvania for purposes of diversity of citizenship.

11. This Court may disregard Defendant Carey's citizenship because he is an improperly joined defendant, and Bankers has elected liability for Carey pursuant to Chapter 542A of the Texas Insurance Code.

12. Plaintiffs' lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as the wind and hail event at issue in this Claim.[3] Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[4] Whether the insurer makes such an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action against the agent with prejudice.[5] The differences between whether an insurer elects liability before suit is filed or after suit is filed are not material for removal purposes as long as the insurer elects to accept liability for the agent before removal.[6] In either event, the insurer "may not revoke, and a court may not

---

[2] *See* Exhibit C-1 [Plaintiffs' Original Petition] at ¶¶ 6-7.

[3] *See* Exhibit C-1 [Plaintiffs' Original Petition] at ¶ 20.

[4] TEX. INS. CODE ANN. § 542A.006(A).

[5] *Compare* TEX. INS. CODE § 542A.006(b) *with* § 542A.006(c).

[6] *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 475 (5th Cir. 2022).

nullify, [the] insurer's election."[7] The statute does not require the insurer's written notice of election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent.[8]

13. For purposes of this Notice of Removal, it is beyond dispute that Carey is individually Bankers' "agent" as defined by section 542A.001(1) of the Texas Insurance Code.[9] Specifically, Carey is an employee of Bankers' affiliate, Chubb, and he was employed on behalf of Bankers to adjust the Claim.

14. Bankers notified Plaintiffs of its Election of Liability for Carey via Bankers' Original Answer and 542A Election of Liability filed in state court on June 30, 2023. This election is unconditional and irrevocable pursuant to statute.[10] Under Insurance Code section 542A.006(c), the action against Carey *shall* be dismissed with prejudice. Because Bankers provided Plaintiffs with written notice of its election of legal responsibility under section 542A.006, Texas statute mandates that all causes of action asserted against its agent—Carey—be dismissed with prejudice.

15. Because Plaintiffs and the only properly joined defendant, Bankers, are citizens of different states, complete diversity of citizenship exists.[11]

**B.    Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

---

[7]   TEX. INS. CODE § 542A.006(f).

[8]   *See generally* TEX. INS. CODE § 542A.006.

[9]   *See* TEX. INS. CODE ANN. § 542A.001(1) ("'Agent'" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.")

[10]  TEX. INS. CODE §542A.006(e) & (f)

[11]  *See Advanced Indicator*, 50 F.4th at 474-75 (holding that the possibility of recovery against a defendant who was improperly joined is examined at the time of removal).

16. Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount, Bankers' burden is satisfied.[12]

17. Here, Plaintiffs' Original Petition states that it seeks monetary relief over $250,000 but no more than $1,000,000.[13] It is therefore facially apparent that Plaintiffs' claims exceed this Court's jurisdictional threshold of $75,000.

18. Thus, the amount in controversy requirement is satisfied and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

### III.
### COMPLANCE WITH LOCAL RULES

19. Because there is complete diversity between the properly joined parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

20. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas after Bankers' filing of this Notice.

21. As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a. An index of all documents attached to (or filed with) this Notice of Removal that clearly identifies each such document and indicates the date the document was filed in state court (if applicable), attached as Exhibit A;

   b. A copy of the docket sheet in the state court action, attached as Exhibit B;

---

[12] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[13] *See* Plaintiff's Original Petition, attached as Exhibit C-1, at ¶ 76.

    c. Each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as Exhibit C-1 through Exhibit C-8; and

    d. Separately signed certificate of interested persons that complies with Local Rule 3.1(c), attached as Exhibit D.

## IV.
## CONCLUSION

WHEREFORE, Defendant Bankers Standard Insurance Company requests that this action be removed from the 141st Judicial District Court of Tarrant County, Texas to the United States District Court of the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Eric K. Bowers*
   Eric K. Bowers
   Texas Bar No. 24045538
   ebowers@zellelaw.com
   Claire A. Fialcowitz
   Texas Bar No. 24126181
   cfialcowitz@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS
BANKERS STANDARD INSURANCE
COMPANY AND BENJAMIN CAREY**

## CERTIFICATE OF SERVICE

    This is to certify that on July 12, 2023, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

George B. Murr
murr@my-lawyers.com
MURR LAW, P.L.L.C.
4101 Washington Avenue
Houston, TX  77007
Telephone:   713-966-6141
Facsimile:   713-588-2414

***Attorney for Plaintiffs Amy Crain and Kenneth Crain***

                                                        */s/ Eric K. Bowers*
                                                        Eric K. Bowers