IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMY CRAIN and KENNETH CRAIN, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00710-O |
| § | |
| BANKERS STANDARD INSURANCE § | |
| COMPANY and BENJAMIN CAREY, § | |
| § | |
| Defendants. § | |

**OPINION & ORDER**

Before the Court is Defendant Bankers Standard Insurance Company ("BSIC")'s Notice of Removal (ECF No. 1), filed July 12, 2023. In the notice, BSIC concedes that Defendant Benjamin Carey ("Carey") is non-diverse but alleges that he is improperly joined in this dispute. Upon reviewing the briefing and applicable law, the Court finds that Carey should be, and is hereby, **SEVERED** from this case. Having severed Carey as a named defendant, complete diversity exists between Plaintiffs and the properly joined defendant, BSIC. Accordingly, the Court has diversity jurisdiction over this matter.

**I. BACKGROUND**

This lawsuit arises from a dispute over an insurance claim for damages caused by wind and hail. Plaintiffs Amy Crain and Kenneth Crain ("Plaintiffs") carry a homeowners insurance policy with BSIC that includes coverage for property damage.[1] After a destructive weather event in November 2021, Plaintiffs submitted a claim to BSIC.[2] In response, BSIC assigned Carey as the

---

[1] Pls.' Orig. Pet. 4, ECF No. 1-5.
[2] Pls.' Orig. Pet. 4–5, ECF No. 1-5.

agent to investigate and adjust the claim.[3] Due to dissatisfaction with the adjustment process, Plaintiffs filed their Original Petition on April 26, 2023 against BSIC and Carey in Texas state court.[4] The Original Petition brought various claims stemming from the alleged failure to adequately extend necessary coverage to repair Plaintiffs' property.[5] Specifically, Plaintiffs allege that Carey, in bad faith, failed to properly investigate their insurance claim, which ultimately caused BSIC to deny adequate coverage.[6] In its answer to Plaintiffs' complaint, BSIC accepted any liability Carey might have pursuant to Texas Insurance Code § 542A.006.[7]

## II. LEGAL STANDARDS

A federal district court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Proper jurisdiction under 28 U.S.C. § 1332 requires complete diversity between plaintiffs and defendants. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). For there to be complete diversity, all parties on one side of the controversy must be citizens of different states from all parties on the other side. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

Defendants may remove a case to federal court based on diversity jurisdiction. 28 U.S.C. § 1441 (a), (b). The removing party bears the burden of establishing that the state court lawsuit is removable. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). To determine whether there is jurisdiction, the federal district court treats the claims in the state petition as they existed at the time of removal. *Id.* In doing so, federal courts

---

[3] Pls.' Orig. Pet. 5–6, ECF No. 1-5.
[4] Pls.' Orig. Pet. 1, ECF No. 1-5.
[5] Pls.' Orig. Pet., ECF No. 1-5.
[6] Pls.' Orig. Pet. 4–7, 10–13, ECF No. 1-5.
[7] Def.'s Orig. Answer 1–2, ECF No. 1-11.

should resolve any doubts about the propriety of removal in favor of remand. *Id.* The removal statute further provides that suits "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, to remove a case to federal court based on diversity jurisdiction, a defendant must show that all non-diverse parties are improperly joined.

To establish improper joinder, the burden is on the defendant to show either "(1) actual fraud in pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)) (internal quotation marks omitted). Under the second option, a defendant must show that the plaintiff cannot possibly recover against the same-state defendant. *Id.* When confronted with this situation, a court may conduct a Rule 12(b)(6)-type analysis by looking at the complaint and assessing whether the plaintiff "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* In conducting this analysis, a court must "examine the plaintiff's possibility of recovery against that defendant *at the time of removal*." *Flagg v Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016).

In the insurance context, the Fifth Circuit has confirmed that there is no possibility of recovery against an adjuster when the insurance carrier accepts liability before the case is removed. *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022). Once the carrier accepts liability for the adjuster, the improperly joined adjuster need not consent to removal. 28 U.S.C. § 1441(c)(2). Thus, when the insurance carrier has accepted liability before removal of the case, "the court shall dismiss the action against the agent with prejudice." *Acadia*, 50 F.4th at 475 (quoting Tex. Ins. Code § 542A.006(c)).

3

### III. ANALYSIS

The relevant facts in this case directly mirror those in *Acadia*. Just as the carrier defendant in *Acadia* accepted responsibility for its insurance adjuster under § 542A.006, BSIC accepted responsibility for Carey under the same Texas statute.[8] Because of this election—and because all Plaintiffs' claims against Carey fall within the scope of his employment with BSIC—there was no possibility of Plaintiff recovering against Carey at the time of the removal. Other courts in this circuit have applied *Acadia* and reached similar conclusions. *See, e.g.*, *Nguyen v. Amguard Ins. Co.*, No. 4:22-cv-175-SDJ, 2022 WL 17477545, at *2–*3 (E.D. Tex. Dec. 6, 2022) ("[W]henever an insurer accepts liability of its agent under the Texas statute prior to removal, the district court may properly conclude that, at the time of removal, there was 'no possibility of recovery' against the agent."); *Lawrence Family Fund, LLC v. Westchester Surplus Lines Ins. Co.*, No. 4:22-cv-240-SDJ, 2023 WL 2457359, at *6 (E.D. Tex. Mar. 10, 2023) (explaining that the only exception to the *Acadia* rule occurs when "at least one claim against [the agent] would survive a 12(b)(6)-type analysis"). Therefore, the Court finds that Carey is an improperly joined party and that he must be **SEVERED** from this suit.

Severing Carey means he cannot be considered when determining whether complete diversity exists between the parties under 28 U.S.C. § 1332(a). Reviewing only the domiciles of Plaintiffs (Texas) and BSIC (Pennsylvania), the Court finds that the remaining parties are completely diversity. As such, the Court has diversity jurisdiction over this matter.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **SEVERS** Defendant Carey from this case. All claims against Carey are **DISMISSED with prejudice**. Having severed Carey, complete diversity

---

[8] Def.'s Orig. Answer 1–2, ECF No. 1-11.

exists between Plaintiffs and the properly joined defendant, BSIC. Accordingly, the Court properly exercises jurisdiction over this dispute.

    **SO ORDERED** on this **18th day** of **August, 2023.**

                                             _____
                                             Reed O'Connor
                                           **UNITED STATES DISTRICT JUDGE**